# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/12/2020 11:58:22 AM
Filing ID 12096045

Troy P. Foster #017229
Haley R. Carr #035804
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
hcarr@thefosterlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos M. Smith, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Salt River Valley Water Users' Association, an Arizona Corporation,<br><br>Defendant. | Case No.: CV2020-012796<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For his Complaint against the Salt River Valley Water Users' Association (the "Association" or "Defendant"), Plaintiff Carlos M. Smith ("Plaintiff") alleges as follows:

## FACTUAL ALLEGATIONS

### Parties and Jurisdiction

1. At all times relevant to this Complaint, Plaintiff resided in and is a citizen of Maricopa County, Arizona.

2. The Salt River Valley Water Users' Association is an Arizona corporation that is authorized to conduct, and is conducting, business in Maricopa County, Arizona.

3. The Association combines with the Salt River Project Agricultural Improvement and Power District (the "District") to form what is known as the Salter River Project ("SRP").

4. At all times relevant to this Complaint, Plaintiff was the Association's employee.

5. Plaintiff worked for the Association from on or around June 13, 1990, to November 18, 2016.

6. At all times relevant to this Complaint, the Company had over 20 employees.

7. The Association is not exempt from Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. §§ 2000e to 2000e-17); the Americans with Disabilities Act of 1990 ("ADA"), as amended (42 U.S.C. §§ 12101–12213); nor the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended (29 U.S.C. §§ 621–634).

8. On February 27, 2017, Plaintiff filed a Charge of Discrimination against the Association[1] with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, age, and disability discrimination.

9. On August 27, 2020, the EEOC issued Plaintiff a Notice of Right to Sue.

10. Plaintiff's Complaint has been filed within 90 days from receipt of authorization to bring civil action as required by 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 29 U.S.C. § 626(e).

11. Jurisdiction and venue are appropriate in this Court.

**Continuous Harassment/Discrimination Throughout Plaintiff's Employment**

12. Throughout his employment with the Association, Plaintiff was continuously harassed and discriminated against based on his race, his sex, age, and perceived sexual orientation, and his disability.

---

[1] Plaintiff filed his Charge of Discrimination against the "Salt River Project Valley Water Association." However, the EEOC issued a copy of the Notice of Right to Sue to John Giordano, the Salt River Project's Employee Relations Manager, at the same P.O. Box that is listed for the Association on the Arizona Corporation Commission's website. Thus, the Association was put on notice of Plaintiff's Charge.

2

13. Plaintiff's supervisors and co-workers made discriminatory and harassing comments to Plaintiff; they also made discriminatory and harassing comments about Plaintiff to his co-workers, often times in front of him.

14. The harassment and discrimination continued, varying in its nature—i.e., whether it was based on his race, sex, age, or disability—until Plaintiff was forced to retire, at the threat of being terminated.

15. These discriminatory and harassing comments created a hostile work environment.

### Allegations Concerning Sexual Harassment

16. Plaintiff's co-workers and supervisors made comments and jokes about the size of Plaintiff's penis.

17. For example, co-workers would joke that they were going to chop up Plaintiff's penis like a sausage and hand it out as Christmas gifts.

18. They also frequently referred to Plaintiff the "plumber," apparently joking that he could unclog drains with his penis.

19. One of Plaintiff's supervisors, Rich T., warned Plaintiff's co-workers not to bend over in front of Plaintiff because he would stick his penis inside them.

20. Plaintiff's co-workers made comments and jokes about him being a homosexual and seeking other men for sex.

21. The sexual harassment was so continuous and substantial that Plaintiff began holding his urine to avoid using the restroom when co-workers were present. Plaintiff now has trouble using public restrooms, even when he is not at work.

### Allegations Concerning Race Discrimination

22. Plaintiff's co-workers used to make comments and jokes about Plaintiff being black and/or African-American.

23. For example, Plaintiff's co-workers called him "Felix the Cat," referring to his black skin. They would also play the "Felix the Cat" theme song on the shop's intercom system.

3

24. One of Plaintiff's co-workers, Larry Johnson, called Plaintiff a "black son of a bitch." Plaintiff's co-workers called him a "fucking Moolie"—*moolie* is an Italian racial slur for black people. They also called Plaintiff "boy" and told him he talked sub-human, like a monkey.

25. At the end of his employment, Plaintiff was the only black employee in his department.

26. Plaintiff was treated differently than his co-workers because of his race and the color of his skin.

27. For example, Plaintiff was written up for parking his fuel truck in a restaurant parking lot when he stopped for lunch even though his truck was empty due to repairs. Other employees also stopped for lunch breaks with their fuel vehicles, but they did not get written up for it.

28. Plaintiff's supervisor, Rich T., continuously monitored Plaintiff and checked in on him even though he did not similarly check in on other employees. Rich would call Plaintiff on his cell phone approximately every 30 minutes to see where he was and what he was doing. He would go as far as to sit in his vehicle watching Plaintiff work for hours at a time. His supervision became so overbearing that Plaintiff had trouble focusing at work and was involved in a minor car accident.

**Allegations Concerning Disability Discrimination**

29. Plaintiff's co-workers and supervisors used to make comments and jokes about Plaintiff's mental disability.

30. They made jokes about Plaintiff mumbling his words, made him repeat his words out loud, and told him not to talk at work.

31. As a result, Plaintiff did not talk very much at work.

**Allegations Concerning Age Discrimination**

32. In the last few years of his employment, Plaintiff's co-workers frequently made comments and jokes about Plaintiff being old.

4

33. After Plaintiff's hair turned gray, his co-workers repeatedly brought up the subject of early retirement to him.

### The Association's Failure to Address the Problems

34. Several times throughout his employment at the Association, Plaintiff reported the harassment, discrimination, and other problems to his supervisors—but to no avail.

35. Plaintiff also filed a previous Charge of Discrimination against the Association in or around 2000.

36. When he reported a problem with a co-worker, it was Plaintiff who typically ended up getting disciplined.

37. Plaintiff also reported his co-workers' discrimination and harassment to HR representatives, but his work environment did not change.

38. Many times Plaintiff's own supervisor was partaking in the harassment and/or discrimination, so he did not always feel comfortable reporting it.

### Plaintiff's Forced Retirement

39. In or around November 2016, Plaintiff was instructed to put fuel into a diesel generator.

40. Plaintiff notified the working foreman at the time, Paul, that the diesel generator was full, but Plaintiff was disciplined for not putting fuel in the generator anyway.

41. As a result of Plaintiff's failure to put fuel into the already-full generator, the Association told Plaintiff that he could retire, or else he would be fired.

42. In direct response to that choice, Plaintiff retired on November 18, 2016.

### Allegations Concerning Damages

43. The continuous harassment and discrimination over the course of 26 years caused Plaintiff substantial emotional and mental damages.

44. Plaintiff has suffered depression and anxiety because of the harassment, discrimination, and forced retirement.

45. Plaintiff's depression and anxiety caused him to lose sleep.

46. The sexual harassment negatively impacted Plaintiff's sex life.

47. Plaintiff has had to seek counseling and other resources to help deal with the mental and emotional harm he has suffered.

48. Plaintiff is entitled to compensatory and punitive damages, lost wages, attorneys' fees and costs, and pre- and post-judgment interest on the award.

## LEGAL CLAIMS

### Count One: Race Discrimination (Title VII)

49. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1–48 as if fully set forth herein.

50. The Association was Plaintiff's *employer* as defined in 42 U.S.C. § 2000e(b).

51. Plaintiff was the Association's *employee* as defined in 42 U.S.C. § 2000e(f).

52. Plaintiff is black and therefore is a member of a protected class under Title VII.

53. The Association discriminated against and harassed Plaintiff because of his skin color, culminating in Plaintiff's forced retirement.

### Count Two: Sexual Harassment/Sex Discrimination (Title VII)

54. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1–53 as if fully set forth herein.

55. Plaintiff's co-workers' and supervisor's continuous comments about the size of his penis and his sexual preferences constituted sexual harassment and sex discrimination and culminated in Plaintiff's forced retirement.

### Count Three: Disability Discrimination (ADA)

56. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1–55 as if fully set forth herein.

57. The Association was Plaintiff's *employer* as defined in 42 U.S.C. § 12111(5).

58. Plaintiff was the Association's *employee* as defined in 42 U.S.C. § 12111(4).

59. At all times relevant to the Complaint, Plaintiff was a qualified individual under the ADA.

60. At all times relevant to the Complaint, Plaintiff had a disability that substantially limited a major life activity or was regarded as having such a disability.

61. The Association harassed and discriminated against Plaintiff because of his mental disability, culminating in Plaintiff's forced retirement.

### Count Four: Age Discrimination (ADEA)

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1–61 as if fully set forth herein.

63. The Association was Plaintiff's *employer* as defined in 29 U.S.C. § 630(b).

64. Plaintiff was the Association's *employee* as defined in 29 U.S.C. § 630(f).

65. At all relevant times relevant to Count Four, Plaintiff was over 40 years old.

66. The Association harassed and discriminated against Plaintiff because of his age, culminating in Plaintiff's forced retirement.

### Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A. A judgment in his favor against Defendant;

B. Pre- and post-judgment interest on award;

C. Compensatory and punitive damages;

D. Reasonable attorneys' fees and costs; and

E. All other appropriate equitable relief.

**RESPECTFULLY SUBMITTED** this 12th day of October, 2020.

**The Foster Group, PLLC**

*/s/ Troy Foster*
Troy Foster
Haley Carr
902 W. McDowell Road
Phoenix, Arizona 85007
*Counsel for Plaintiff*

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
J. Nelson, Deputy
10/12/2020 11:58:22 AM
Filing ID 12096047

Person/Attorney Filing: Troy P. Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Carlos M. Smith<br>Plaintiff(s),<br>v.<br>Salt River Valley Water Users'<br>Association<br>Defendant(s). | Case No. CV2020-012796<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Troy P. Foster /s/
Plaintiff/Attorney for Plaintiff

AzturboCourt.gov Form Set #5048183

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/12/2020 11:58:22 AM
Filing ID 12096048

Person/Attorney Filing: Troy P. Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Carlos M. Smith
Plaintiff(s),
v.
Salt River Valley Water Users'
Association
Defendant(s).

Case No. CV2020-012796

**SUMMONS**

To: Salt River Valley Water Users' Association

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5046183

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 12, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
J. Nelson, Deputy
10/12/2020 11:58:22 AM
Filing ID 12096046

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
Troy P. Foster - Primary Attorney
Bar Number: 017229, issuing State: AZ
Law Firm: The Foster Group, PLLC
902 W Mcdowell Rd
Phoenix, AZ 85007
Telephone Number: (602)461-7990
Email address: tfoster@thefosterlaw.com

Haley R. Carr
Bar Number: 035804, issuing State: AZ
Law Firm: The Foster Group, PLLC
Telephone Number: (602)461-7990

**Plaintiff:**
Carlos M. Smith
902 W Mcdowell Rd
Phoenix, AZ 85007
Telephone Number: (602)461-7991
Email address: tfoster@thefosterlaw.com

**Defendant:**
Salt River Valley Water Users' Association
1500 N Mill Ave
Tempe, AZ 85281

CV2020-012796

Discovery Tier t2
Amount claimed $299,000.00

Case Category: Other Civil Case Categories
Case Subcategory: Employment Discrimination



Select Language ▾
Powered by Google Translate

# Civil Court Case Information - Case History

## Case Information
Case Number: CV2020-012796 Judge: Warner, Randall
File Date: 10/12/2020 Location: Downtown
Case Type: Civil

## Party Information
| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Carlos M Smith | Plaintiff | Male | Troy Foster |
| Salt River Valley Water Users Association | Defendant | | Pro Per |

## Case Documents
| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/12/2020 | COM - Complaint | 10/12/2020 | |

**NOTE:** Complaint

| 10/12/2020 | CSH - Coversheet | 10/12/2020 | |

**NOTE:** Civil Cover Sheet

| 10/12/2020 | CCN - Cert Arbitration - Not Subject | 10/12/2020 | |

**NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To

| 10/12/2020 | SUM - Summons | 10/12/2020 | |

**NOTE:** Summons

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**